Charles S. Birenbaum (SBN 107894)
birenbaumc@gtlaw.com
Lindsay E. Hutner (SBN 238998)
hutnerl@gtlaw.com
GREENBERG TRAURIG, LLP
Four Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

Attorneys for Defendants
RIMINI STREET, INC. and DEBRA GALLEN

Ali Parvaneh, SBN 218320
aparvaneh@madisonharbor.com
James S. Sifers, SBN 259105
jsifers@madisonharbor.com
Brett K. Wiseman, SBN 265770
bwiseman@madisonharbor.com
**MADISON HARBOR, ALC**
17702 Mitchell North
Irvine, California 92614
Telephone: 949-756-9050
Facsimile: 949-756-9060

Attorneys for Plaintiff Khurram Aijaz

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| KHURRAM AIJAZ,<br><br>    Plaintiff,<br><br>v.<br><br>RIMINI STREET, INC.; DEBRA GALLEN; and DOES 1 to 10,<br><br>    Defendants. | CASE No. 8:16-cv-00395 JVS (DFMx)<br><br>District Judge: James V. Selna<br>Magistrate Judge: Douglas F. McCormick<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Removal Filed: March 3, 2016<br>State Court Action Filed: January 28, 2016 |

1
STIPULATED PROTECTIVE ORDER

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

BASED UPON THE STIPULATIONS OF THE PARTIES, AND GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that any person or party subject to this Order – including without limitations the parties to this action, their representatives, agents, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1. During the course of the present litigation, any party called upon to produce discovery (including any third parties from whom discovery may be required) may produce or provide certain documents, things, testimony, and/or information which comprise or contain confidential and proprietary financial, sales, customer, and other business information, and private and confidential personal information, the disclosure of which could reasonably cause injury to the producing party. As used herein, confidential information and/or documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be referred to as "Confidential Material." A party producing or providing Confidential Material shall hereinafter in this Stipulated Protective Order be referred to as the "Producing Party." A party receiving Confidential Material shall hereinafter in this Stipulated Protective Order be referred to as the "Receiving Party." Confidential Information (including, but not limited to, exhibits, documents and things produced by any party or witness, answers to interrogatories, responses to requests for admissions, responses to requests for production, declarations, affidavits, and deposition testimony or transcripts) shall be designated by marking on the thing or each page of a document comprising or containing the Confidential Information: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." For purposes of this protective order, the CONFIDENTIAL designation shall be used to denote Confidential Information that is proprietary or sensitive to the Producing Party and/or not otherwise in the public domain and that the Producing Party does not want to be made public. For purposes of this protective order, the "ATTORNEYS' EYES ONLY" designation shall be used to denote

confidential information that is highly sensitive and proprietary competitive business information that, if disclosed to a competitor, could cause significant business injury, including, but not limited to, trade secrets, confidential research (including market research and demographic information), product development, the development and creation of advertising, commercial information (including business plans and licensing agreements), financial information (including sales figures and advertising expenditures) customer and supplier information, or personnel information.

2.  Nothing in this Stipulated Protective Order shall be taken as or constitute: (a) an indication or acknowledgment by the Receiving Party that any designated Confidential Material is in fact confidential or is entitled to confidential treatment, or (b) a waiver of the right of either party to move the Court for a protective order prohibiting the disclosure of Confidential Information on the grounds that such Confidential Information is so highly confidential and proprietary that it may not be produced or disclosed subject to the provisions of this Stipulated Protective Order.  Either party may at any time seek an Order from the Court determining that specified documents, things, or information, or categories thereof: (a) are not entitled to be treated as Confidential Material in accordance with this Stipulated Protective Order, or (b) should or must be produced or disclosed subject to the provisions of this Stipulated Protective Order.  Confidential Material shall, however, remain subject to the provisions of this Stipulated Protective Order unless and until the Court determines that such Confidential Material is not entitled to such protection.

3.  The inadvertent production of documents, things, or information subject to attorney-client privilege or work-product immunity will not be deemed to constitute a waiver of such privilege, immunity, rights, or any other privilege, immunity, or right that would otherwise attach to such documents, things, or information.  Any Receiving Party receiving such inadvertently produced documents, things, or information will forthwith, upon request, return the original and all copies of such documents, things, or information to the Producing Party. Return of the documents, things, or information by the Receiving

Party shall not constitute an admission or concession, or permit any inference, that the returned documents, things, or information are, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from moving the Court for an Order that such documents, things, or information have been improperly designated or should be producible for other reasons than a waiver caused by the inadvertent production.

4. Nothing contained in the foregoing paragraphs shall prohibit a party from designating any documents, things, or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" subsequent to its first disclosure or production, provided, however, that any such subsequent designation (a) must be in writing; (b) must specifically identify the documents, things, or information so designated; (c) shall not have any retroactive effect; and (d) shall apply only to the treatment and disclosure of such documents, things, or information by the Receiving Party after such written designation is received by the Receiving Party.  Where the Producing Party designates documents, things, or information as Confidential Materials pursuant to this paragraph, the Receiving Party shall immediately retrieve the documents, things, or information, and any copies thereof, from any persons not authorized to hold them under this Order.

5. Any Confidential Material disclosed during this litigation may be used by the Receiving Party only for purposes in connection with this litigation, and may not be used for any other purpose, except by written agreement between the Producing Party and the Receiving Party or upon an order by this Court after reasonable notice and a hearing.

6. Confidential Material marked "CONFIDENTIAL" provided during this litigation may not be disclosed to any person other than officers and employees of the parties, their counsel (including law clerks, legal assistants, technical assistants, secretaries and clerks of such counsel), the Court and its personnel (pursuant to the procedures set forth in Paragraph 10), any jury empanelled in this action, any professional court reporter or videographer engaged to transcribe or record testimony in this action, any person agreed to in writing by the parties, any person who authored or previously received the

Confidential Material, and any experts and their staff with whom counsel may deem it necessary to consult for the preparation for trial of this action, and who are retained solely for the purpose of prosecution of this action, but shall not include any current or former employee, licensee or consultant, director, officer, director, or agent of a party or any of its subsidiaries, or any competitor of a party, except by agreement of the parties hereto ("Outside Experts"); provided, however, that any Outside Experts shall agree to be bound in writing, in the form of Exhibit A, by this Agreement before the disclosure is made. Any recipient of such Confidential Material shall not disclose the Confidential Material to any person to whom disclosure is not authorized by the terms of this Order.

7.   No person or party subject to this Order other than the Producing Party shall disclose any of the Confidential Material designated by the producing person or party as "ATTORNEYS' EYES ONLY" to any other person whomsoever, except to:

   (a)   outside attorneys retained specifically for this action, and fellow employees of each such attorneys' law firms to whom it is reasonably necessary to disclose such Confidential Material;

   (b)   Outside Experts to whom it is reasonably necessary to disclose such Confidential Material, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

   (c)   the party producing said documents including the producing party's employees and former employees (provided such former employee has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto), during the time they are testifying in deposition or at trial;

   (d)   any employee of any sender or recipient of the document to whom it is reasonably necessary to disclose the document in connection with this litigation provided that, if the employee is not an employee of a party, the employee has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto (e.g. where a Purchase Order from Company A to Company B is produced in litigation by Company

A, said document may be disclosed to appropriate employees of Company B under the terms of this Protective Order);

  (e) stenographers engaged to transcribe depositions conducted in this action;

  (f) the Court and its support personnel;

  (g) any mediator or settlement officer, whom the parties have elected or consented to preside over the case, and/or

  (h) as required by law or court order upon notice to the Producing Party sufficiently in advance of such disclosure to permit it to seek a protective order.

8. All testimony given at a deposition and each transcript of a deposition shall be presumptively treated as if designated "CONFIDENTIAL" for a period of thirty (30) days following the receipt of the deposition transcript, unless there is testimony regarding "ATTORNEYS' EYES ONLY" information at the deposition, in which case a party may designate the entire transcript "ATTORNEYS' EYES ONLY" for a period of thirty (30) days following the receipt of the deposition transcript. Within said thirty (30) days, the party claiming confidentiality may inform the other party in writing of the transcript pages which that party designates as Confidential Material. Thereafter, each party shall treat those pages so designated as Confidential Material as set forth above, and such pages will be subject to the provisions of this Order. If no such designation is made by a party within thirty (30) days after receipt of the transcript by counsel for the deponent, the transcript shall be considered not to contain Confidential Material. Use at deposition of a document previously designated as Confidential Material shall have no effect on its designation; the document shall retain the designation given to it previously.

9. Where filed with the Court (as pleadings or evidence), Confidential Material shall be delivered sealed to the Clerk of the Court and shall not be filed electronically or available to public inspection. Envelopes used to seal such documents shall carry the notation: "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION AND IS BEING SUBMITTED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER" and shall state the party or person who designated any Confidential Material that the

document contains.  Nothing in this Order shall prevent any party from using any material designated as Confidential Material at trial, except as ordered by the Court or by stipulation of the parties.

10.   Within thirty (30) days after the final conclusion of this litigation, Plaintiff and Defendants will return to the Producing Party, or (with notice to the Producing Party) will destroy all Confidential Material produced to them during this litigation pursuant to this Agreement; provided, however, that counsel of record for each of the parties may retain one (1) paper and one (1) electronic copy of all Confidential Materials filed with the Court solely for the purpose of preserving a file in this matter.  This Agreement shall continue in effect after the conclusion of this litigation, subject to further Order of the Court.  For purposes of this paragraph, the final conclusion of this litigation as to any party may be by a Court order dismissing this litigation, by a judgment that has become non-appealable, or by final disposition on appeal.

11.   The designation by a Producing Party of any documents, things, or information, as Confidential Material pursuant to this Order shall be made in good faith.  Treatment by the Receiving Party in conformity with the indicated designation shall not be an admission or agreement by any party that the Confidential Material, in fact or in law, constitutes or contains any proprietary or confidential information of any other party. The designation of documents, things, or information as being Confidential Material, pursuant to this Order, shall not, in substantive proceedings in this action, excuse or relieve the Producing Party from the burden of proof imposed by the relevant substantive law.

12.   This Agreement shall not apply to documents, things, or information that is available publicly, is a matter of public record on file with any governmental or regulatory agency or board, or which any party receives from another person or entity as to whom the Receiving Party has no reasonable basis to believe is subject to a confidential obligation.

13.     Nothing contained in this Agreement shall affect the right, if any, of any party to make any other type of objection, claim or other response to any documents, things, or information, or request for any documents, things, or information.  This Agreement shall not be construed as a waiver by any party of any legally cognizable privilege or objection to withhold any documents, things, or information, or of any right which any party may have to assert such privilege or objection at any stage of the proceeding.

14.     This Agreement shall be without prejudice to the right of either party to contest the question of the confidential or privileged status of any category of documents, things, or information, particular documents or parts thereof which may be produced.  A party shall not be obligated to challenge the propriety of a Confidential Material designation at the time made, and not doing so at that time shall not waive its right at any time during which this Order shall be in effect to request the Court to determine the propriety of the designation or in any way preclude a subsequent challenge to such designation. In the event a party disagrees at any stage of these proceedings with the Producing Party's designation of Confidential Material, the parties shall first try to jointly resolve such dispute in good faith. If the dispute cannot be resolved, the party which disagrees with the designation may seek appropriate relief from this Court, and the Producing Party shall have the burden of proving that the documents, things, or information are entitled to be treated as Confidential Material for the purposes of this Order.

15.     This Order is without prejudice to the rights of either party to move for relief from any of its provisions, or to seek or agree to different or additional protection, or to seek or agree to further disclosures for any particular documents, things, or information.

/ /
/ /
/ /
/ /

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**IT IS ORDERED.**

DATED: July 6, 2016

By: _____
Magistrate Judge Douglas F. McCormick

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that:

1.  My address is _____.

2.  My present occupation and employer are _____.

3.  I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Aijaz v. Rimini Street, Inc., et al.*, Case no. 8:16-cv-00395 JVS (DFMx).

4.  I will comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

5.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use, except for purposes of this litigation, any documents, things, or information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that I receive in this litigation.

6.  Promptly upon termination of this action, I will return all "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents, things, and information to counsel for the party by whom I am employed or retained.

/ /
/ /
/ /
/ /
/ /
/ /

7. I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____